## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **THIRD COAST TOWING, LLC** | § § § § | |
| v. | § § § | C.A. No._____ |
| **NATURES WAY ENDEAVOR, her engines, boilers, tackle, furniture, apparel, etc.,** *in rem*, **and NATURES WAY MARINE, LLC,** *in personam* | § § § § § | In Admiralty Rule 9(h) |

## VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Third Coast Towing, LLC (hereinafter sometimes referred to as "Third Coast" or "Plaintiff"), and for its Verified Complaint against NATURES WAY MARINE, LLC (hereinafter sometimes referred to as "Natures Way" or "Defendant"), *in personam*, and the NATURES WAY ENDEAVOR, *in rem*, alleges, upon information and belief, as follows:

### I.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of a maritime contract and maritime tort, and this proceeding seeks the arrest and attachment of the NATURES WAY ENDEAVOR under Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

**II.**

At all times material to this action, Third Coast was, and still is, a corporation organized and existing under the laws of the State of Texas, with a principal place of business located at 600 Leopard Street, Suite 2100-W, Corpus Christi, Texas 78401-0468.

**III.**

Upon information and belief, Defendant Natures Way was, and still is, a foreign corporation, or other business entity organized and existing under the laws of the State of Alabama, with a principal place of business located at 5993 Rangeline Road, Theodore, Alabama 36582.

**IV.**

Upon information and belief, Defendant Natures Way was at all material times the owner and operator of the towing vessel NATURES WAY ENDEAVOR.

**V.**

NATURES WAY ENDEAVOR, defendant *in rem*, is, upon information and belief, a United States Flagged towing vessel, bearing Official Number 553290, owned, operated, and crewed by Defendant Natures Way, which is and was at all relevant times engaged in maritime commerce in the waters of the United States and which is now, or will during the pendency of this action be, on the navigable waters of the United States within the jurisdiction of this Honorable Court.

**VI.**

On October 17, 2012, Third Coast entered into a Towage Agreement (the "Towage Agreement") with Natures Way. In exchange for the consideration and compensation detailed in the Towage Agreement, Natures Way agreed to accept the barges MOC 12 and MOC 15 for

delivery in Port Arthur, Texas, to tow the barges MOC 12 and MOC 15 to Oklahoma for loading with crude oil, and to thereafter tow the laden dumb barges to Baton Rouge, Louisiana. A true and correct copy of the Towage Agreement is attached as Exhibit A.

**VII.**

At all material times Third Coast was the owner and/or owner *pro hac vice* of the barges MOC 12 and MOC 15, which are and were at all material times unmanned, non-self propelled tank barges.

**VIII.**

On or about January 27, 2013, while the NATURES WAY ENDEAVOR was proceeding in the Mississippi River with the laden dumb barges MOC 12 and MOC 15 in tow pursuant to the Towage Agreement, the NATURES WAY ENDEAVOR and/or her tow allided with the Mississippi River bridge in or near Vicksburg, Mississippi (the "Allision").

**IX.**

At the time of the Allision, the barges MOC 12 and MOC 15 were under the exclusive care, custody and control of, and were being towed by, the NATURES WAY ENDEAVOR.

**X.**

At the time of the Allision, Defendant Natures Way and the crew of the Tug NATURES WAY ENDEAVOR were solely responsible for the safe navigation of the NATURES WAY ENDEAVOR and the barges MOC 12 and MOC 15.

**XI.**

The Allision was not due to any fault, neglect, or want of due care on the part of Plaintiff Third Coast, nor anyone for whom Third Coast may be responsible, nor of the barges MOC 12 or

MOC 15, which were at all material times in all respects tight, staunch, strong, equipped and supplied, seaworthy and fit for the service in which they were engaged.

### XII.

The Allision was the result of and caused solely by the fault, neglect, and lack of care on the part of the NATURES WAY ENDEAVOR and those in charge of her navigation and operation, including Defendant Natures Way, in the following respects, among others, which will be shown at the trial of this action:

a. The NATURES WAY ENDEAVOR was unseaworthy;

b. The individuals in charge of navigating the NATURES WAY ENDEAVOR were careless, improperly trained, incompetent, and/or inattentive to their duties, all in violation of the Inland Rules of the Road, and other statutes and regulations;

c. The crew of the NATURES WAY ENDEAVOR failed to properly maintain and monitor her course, resulting in the Allision described herein;

d. The owners and the managers of the NATURES WAY ENDEAVOR failed to properly inspect and maintain the vessel, failed to ensure that she was properly and sufficiently crewed with individuals capable of performing operations under the Towing Agreement safely, and failed to take all actions necessary to ensure that she was seaworthy in advance of the voyage in question;

e. The NATURES WAY ENDEAVOR failed to do what she should have done to avoid the aforesaid Allision;

f. The master and crew of the NATURES WAY ENDEAVOR failed to use reasonable and ordinary care and skill; and

  g.  Plaintiff reserves the right to amend and supplement this article of its Verified Complaint and to further specify each other and further or different faults and negligence as the evidence may later disclose.

## XIII.

As a direct result of the Allision, Third Coast incurred and continues to incur, damages, including but not limited to, physical injury to the hull of the MOC 12 and MOC 15, costs associated with the salvage and repair of the MOC 12 and MOC 15, costs associated with the salvage and recovery of crude oil cargo aboard the MOC 12 and MOC 15, loss of crude oil cargo aboard the MOC 12 and MOC 15, loss of profits, and other costs and fees incurred. A summary of the amount of Plaintiff's current damages as best can presently be determined, is attached as Exhibit B. Plaintiff reserves the right to amend and supplement its claimed damages.

## XIV.

This action is brought in order to obtain jurisdiction over Natures Way *in personam*, and the NATURES WAY ENDEAVOR, *in rem*, and also to obtain security for Third Coast's claims.

## XV.

Defendant Natures Way cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Honorable Court, including, but not limited to the NATURES WAY ENDEAVOR, which is presently located at Thousand Foot Cut Marine Services, LLC's fleeting facility, 7625 Hwy 87, Bridge City, Texas 77611. See Exhibit C, attached hereto.

**XVI.**

Plaintiff Third Coast seeks an Order from this Honorable Court directing the Clerk of Court to issue Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, the NATURES WAY ENDEAVOR for the purpose of obtaining personal jurisdiction over Defendant Natures Way, and to secure Plaintiff Third Coast's claims as described above.

**XVII.**

Under United States General Maritime Law, Third Coast has a maritime lien on the vessel NATURES WAY ENDEAVOR for all damages sustained as a result of the Allision described herein, currently estimated to be in the amount of $2,658,097.46, or such other amount as will be proven at trial, plus accrued interest from the date of the incident, based on the NATURES WAY ENDEAVOR's commission of a marine tort, as well as Defendant Natures Way's breach of the terms of the Towage Agreement pertaining to the NATURES WAY ENDEAVOR.

**XVIII.**

Upon information and belief, the NATURES WAY ENDEAVOR is presently, or will during the pendency of this action be, on the navigable waters of the United States within the jurisdiction of this Honorable Court and is subject to attachment and arrest under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to enforce Third Coast's maritime liens on said vessel and to obtain jurisdiction and security for Third Coast's maritime claims.

**WHEREFORE**, Plaintiff Third Coast Towing, LLC prays:

A.    That process in due form of law issue against Defendant Natures Way Marine, LLC, citing it to appear and answer under oath all and singular the matters alleged in this Verified Complaint;

B.    That since Defendant Natures Way cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Honorable Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment under to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property of Defendant Natures Way within the District, including but not limited to the NATURES WAY ENDEAVOR, up to the amount $2,658,097.46 to secure Plaintiff Third Coast's claims, and that all persons claiming any interest in the same be cited to appear and, under Supplemental Admiralty Rule B, answer the matters alleged in this Complaint;

C.    That process issue from this Honorable Court in proper form instructing the United States Marshal for this District to issue and effect a Warrant for the arrest of the NATURES WAY ENDEAVOR, *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

D.    That the United States Marshal for this District arrest and attach the said vessel and maintain custody over it until such time as the Claimants thereto post security sufficient in form and amount to secure Plaintiff Third Coast's claims herein;

E.    That after due proceedings, this Honorable Court enter Judgment herein in favor of Plaintiff Third Coast Towing, LLC and against Defendant Natures Way Marine, LLC *in personam*, and against the NATURES WAY ENDEAVOR, *in rem*, on the claims set forth herein;

F. That after further proceedings, the vessel NATURES WAY ENDEAVOR be condemned and sold to satisfy the claims asserted herein by Plaintiff Third Coast Towing, LLC or, alternatively, that Plaintiff Third Coast Towing, LLC has satisfaction of its claims out of the security, if any, posted to secure the release of the NATURES WAY ENDEAVOR;

G. That this Honorable Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

H. That this Honorable Court award Plaintiff Third Coast Towing, LLC all legal interest owed from the date of the Allision, plus its attorneys' fees and costs of this action; and

I. That Plaintiff Third Coast Towing, LLC have such other, further and additional relief, at law, in equity, and in admiralty, to which Plaintiff Third Coast Towing, LLC may show itself to be justly entitled.

Respectfully submitted,

PREIS & ROY, PLC

BY:   /s/ John L. Robert, III_____
       JOHN L. ROBERT, III
       Attorney-in-Charge
       jrobert@preisroy.com
       Texas Bar No 24077753
       102 Versailles Blvd., Suite 400
       Post Office Drawer 94-C
       Lafayette, Louisiana 70509
       TELEPHONE: (337) 237-6062
       FACSIMILE: (337) 237-9129

-and-

FRANK A. PICCOLO
fpiccolo@preisroy.com
Texas Bar No.: 24031227
KEVIN T. DOSSETT
kdossett@preisroy.com
Texas Bar No.:  24004623
Weslayan Tower
24 Greenway Plaza, Suite 2050
Houston, Texas  77046
TELEPHONE: (713) 355-6062
FACSIMILE: (713) 572-9129

**ATTORNEYS FOR PLAINTIFF
THIRD COAST TOWING, LLC**

**PLEASE ISSUE WARRANT OF ARREST AGAINST THE VESSEL NATURES WAY ENDEAVOR AND SERVE THE SAID WARRANT ON THE MASTER OF THE NATURES WAY ENDEAVOR OR SUCH OTHER PERSON IN CONTROL OR CUSTODY THEREOF, AND PRESENTLY LYING AFLOAT AT ONE THOUSAND FOOT CUT FLEET, 7625 HWY. 87, BRIDGE CITY, TEXAS 77611.**