IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THIRD COAST TOWING, LLC,<br>    Plaintiff,<br><br>v.<br><br>NATURES WAY ENDEAVOR, her engines,<br>boilers, tackle, furniture apparel, etc., *in rem*,<br>and NATURES WAY MARINE, LLC, *in personam*,<br>    Defendants. | )<br>)<br>)<br>)  CIVIL ACTION NO. 14-00047-KD-N<br>)<br>)  In Admiralty/Rule 9(h)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This action is before the Court on a review on Defendants' unopposed Motion for Leave to File Intervening Third-Party Complaint (Docs. 62, 63) and Plaintiffs' Response (Doc. 65).

Despite the lack of opposition to Defendants' November 12, 2014 motion, it is untimely and fails to establish entitlement, as a matter of law, to the relief sought. Specifically, Rule 24 of the Federal Rules of Civil Procedure provides: "[o]n timely motion, a Court must permit anyone to intervene, who claims an interest related to the ... transaction that is subject to the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Timeliness is determined by the Court in the exercise of its sound discretion, Stallworth v. Monsanto Co., 558 F.2d 257, 263 (5th Cir. 1977), after consideration of: 1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; 2) the extent of the prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; 3) the extent of the prejudice to the would-be intervenor if his petition is denied; and 4) the existence of unusual circumstances militating either for or against a determination that the application is timely. United States v. Jefferson Cty., 720 F.2d 1511, 1516 (11th Cir. 1983); Davis v. Butts, 290 F.3d 1297,

1300 (11th Cir. 2002). "If a motion to intervene is untimely, intervention must be denied." NAACP v. New York, 413 U.S. 345, 365 (1973). Per Jefferson Cty., 720 F.2d 1511: "we review the court's action only for an abuse of discretion…."

The Court has considered the relevant factors. The motion was filed after the close of discovery and with the Final Pretrial Conference scheduled for December 4, 2014 (with the parties' proposed pretrial report due seven (7) days prior), and jury trial set for January 2015. Defendants propose to allow for a third-party complaint at this juncture, and then *also* allow for additional time within which Defendants may file a cross-claim "in each third-party action against that particular third-party defendant." The Defendants basis for the non-parties' intervention is vague -- "to protect their interests, because no existing party will." The Defendants' explanation for the failure to intervene before now is unsatisfactory, particularly given their knowledge of the issue of exposure and when the proposed intervenors should have reasonably known of their interest (during the July 2014 settlement conference).[1] The parties have further failed to present any unusual circumstances militating for a determination that the application is timely, citing only the nature of this case (insurance and maritime) as grounds. The parties have also failed to establish the extent of prejudice to the proposed intervenors if the motion is denied, apart from simply claiming prejudice.

Upon consideration, the Court, in its discretion, finds that under the circumstances the motion is untimely and is thus it is **ORDERED** that the motion (Docs. 62, 63) is **DENIED.**

**DONE** and **ORDERED** this the **14th** day of **November 2014**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Defendants even admit that "[f]unctionally, Underwriters knew or should have known of their interest from and after the Settlement Conference…[o]nce the parties were unable to resolve their differences…the Underwriters effectively knew that their exposure and the potential for them to be called upon to respond on behalf o their assured…was real…"